UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL SCHRADER,

    Petitioner,

    v.

NEDRA CHANDLER, Warden, Dixon
Correctional Center,

    Respondent.

No. 06 C 5362
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In this habeas case, Petitioner challenges his sentence but not the finding of guilt. He was tried before a jury which returned verdicts of guilty on charges of murder, armed robbery and armed violence in 1983. The charges would support the death penalty, and Petitioner waived a jury on the question of penalty. Judge Massey declined to impose a capital sentence and, finding the murder was "brutal and heinous," instead imposed an extended term of 70 years for murder and concurrent sentences for the other two counts. Petitioner did not appeal.

The case, as briefly described by Petitioner in his state court brief is this: Two girls were shopping in a store owned by John Woo when Petitioner and another entered and announced a robbery. One man carried a shotgun. When one of the girls, Wanda Ortiz, moved, she was shot to death. John Woo was hit and stepped on. A robber emptied the cash register and both fled. Three blocks from the scene a police officer, aware of the crime and having a description of the offenders or their vehicle, recognized their parked car. The officer saw Petitioner exit the vehicle with a shotgun and put it into the back seat. Petitioner surrendered to the two armed officers. He was interviewed by a detective to whom he denied committing the offense. After several interviews,

Petitioner asked the detective if the victim had died. When told she had, Petitioner said "I did it. I killed her." After this volunteered statement, he received another set of Miranda warnings. Petitioner said that the impetus for the offense came from the other robber. On entering the store, Petitioner was holding a shotgun he had bought himself and the gun went off. The confession was taken down by a court reporter.

Petitioner did not appeal his conviction. In 1993, he filed a post-conviction petition alleging his counsel had been ineffective for failing to perfect his appeal. His petition was denied because the court found that he had elected to pursue a clemency petition rather than appeal. The Public Defender filed for leave to withdraw from the appeal which was granted, and the dismissal of the petition was affirmed. Leave to appeal was denied.

In 2000, Petitioner tried again to appeal, alleging that the extended term ("extended" because it was longer than the existing statutory maximum) imposed on the basis of facts found by the trial judge was impermissible under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the fact justified to enhance the sentence was neither charged nor proved beyond a reasonable doubt.[1] The court dismissed this one without prejudice with leave to refile it if *Apprendi* were to be applied to successive post-conviction petitions. There was no appeal because petitioner was late and the court denied leave to file a late notice of appeal. In 2002, he filed a petition for relief from judgment under 735 ILCS 5/2-1401, a section of the Illinois Code of Civil Procedure. He lost this one too on the grounds that the petition was untimely and frivolous. This one he did appeal. And the dismissal was upheld in a published opinion. *People v. Schrader*, 820 N.E.2d 489 (Ill. App. Ct. 2004).

---

[1] This claim echoes *Ring v. Arizona,* 536 U.S. 584 (2002), which threw out a death penalty because, even in a jury trial, the judge could find the existence of a capital element even if the jury did not, at least, where a jury was not waived. *Ring* itself was not applied retroactively. *Schriro v. Summerlin,* 542 U.S. 348 (2004). Neither was the later *Blakely* ruling on which Petitioner also relied. *Knox v. United States,* 400 F.3d 519 (7th Cir. 2005).

In its opinion, the Appellate Court noted that the Supreme Court of Illinois had found *Apprendi* inapplicable to cases on collateral review. *People v. De La Paz*, 191 N.E. 2d 489 (Ill. 2003). Petitioner tried to escape this rule by arguing that Illinois law did not "enhance" sentences but rather created three separate offenses of murder, and Petitioner was not sentenced on the one for which he was tried. The Appellate Court decided that this was not Illinois law, and its decision is binding on this point. The Appellate Court finally found that, under Illinois procedure, the jury had found the existence of enhancement factors by virtue of its determination that Petitioner was eligible for the death penalty. The only question presented to the court was whether the penalty should be imposed or not.

The Supreme Court of Illinois denied leave to appeal on March 30, 2005, and the Supreme Court of the United States denied certiorari on October 3, 2005. This petition was filed by Petitioner's counsel on October 3, 2006.

Respondent asserts untimeliness. The rules are well-known. A convict has one year from final judgment to file a petition for federal post-conviction relief. By virtue of having failed to file an appeal from his conviction in 1983, his conviction became final sometime the following year. When it did does not matter because the law resets all start times for older convictions to April 24, 1996, the date the AEDPA became law. But Petitioner had nothing filed or pending (and thus tolling the time period) on April 24, 1996. He filed a post-conviction petition, which would have stopped the clock if it had not ended its run in April 1997. The petition was filed in 2000, too late for anything but one escape clause.

28 U.S.C. § 2244(d)(1)(C) provides that the limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." If section (C) applies, then the limitations period for Petitioner began to run on June 24, 2004. *Johnson v. Robert,* 431 F.3d 992 (7th Cir. 2005). Since he filed this petition on October 3, 2006, he has to show two things to prevent dismissal. One is that section (C) applies, and the other is that the one-year period was tolled for enough days to allow filing of the petition.

The tolling began on the first day of the new period as defined by section (C) because his state litigation was pending, but it started on March 30, 2005. The only possible tolling event that could have occurred after that was the Petition for Certiorari which was filed. But the certiorari petition process does not toll the running of the limitations. *Lawrence v. Florida,* 127 S.Ct. 1079 (2007). Petitioner failed to toll the period, and he is too late. But, it does not matter much because he cannot invoke section (C) because his claim is based on *Blakely v. Washington,* 542 U.S. 296 (2004), and the right recognized in *Blakely* has never been made retroactively applicable. One cannot invoke section (C) on the grounds that the Supreme Court has never held *Blakely* is not retroactive. The statute requires that the new right has, in fact, been made retroactive. So the escape clause does not work for Petitioner. There is, I suppose, an argument that a District Judge can determine initially that it is retroactive, *see Ashley v. United States*, 266 F.3d 671, 673-74 (7th Cir. 2002), but I would not so find in light of the unanimity of Courts of Appeals that it is not retroactive. *See United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir. 2006); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir.); *Schardt v. Payne*, 414 F.3d 1025, 1034-38 (9th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 731 (2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005). If *United States v. Booker,* 543 U.S. 220 (2005) is not retroactive, which it is not, then surely *Blakely* is not retroactive either.

The final hope for Petitioner is to invoke the statement in *Lawrence* that if some extraordinary circumstance stood in the way of a diligent petitioner asserting his rights, there may be equitable tolling. But there is nothing extraordinary here. What is said is that the law in this Circuit was not clear. The rule in *Lawrence* was the product of divided Court so that too could not have been so clear when Petitioner filed a certiorari petition without also filing a habeas corpus petition. I do not find that lack of clarity of the law is an extraordinary circumstance to justify failing to file. And even if it were extraordinary, I fail to see how it stood in Petitioner's way. Nothing other than his own uncertainty stopped him. Uncertainty is not an extraordinary circumstance and, where it exists it does not control the conduct of Petitioner. *See Williams v. Buss*, No. 07-1092, 2008 WL 3519569, at *2-3 (7th Cir. Aug. 14, 2008) (what prevents a petitioner from filing must be beyond his control).

The petition for a writ of habeas corpus is denied as untimely.[2]

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 28, 2008

---

[2] I note that it would fail on the merits as well since I have found that *Blakely* upon which the claim stands is not retroactive.

5